**DISTRICT OF COLUMBIA, Appellant,**

v.

**Joe SOPHIA, Appellee.**

**DISTRICT OF COLUMBIA, Appellant,**

v.

**Diane HOFMANN, Appellee.**

**DISTRICT OF COLUMBIA, Appellant,**

v.

**Dick BIRKINS, Appellee.**

**Nos. 6660–6662.**

District of Columbia Court of Appeals.

Argued Jan. 30, 1973.

Decided June 29, 1973.

---

5. The policy specifies no qualifications for a "watchman," nor does it require that one be armed.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Lois R. Goodman, Washington, D. C., for appellees.

Before REILLY, Chief Judge, and PAIR and YEAGLEY, Associate Judges.

REILLY, Chief Judge:

This is a consolidated appeal from identical orders of the Superior Court requiring expungement of arrest records of three different individuals. Each of them had been arrested on October 2, 1970, by policemen detailed to Georgetown on that day to restore public order in an area where a civil disturbance was in progress. They were charged with the offense of congregating with others on a public street and refusing to move on when ordered to do so by the police—a violation of D.C.Code 1967, § 22–1121(2).

Informations against two of them, Sophia and Hofmann, were discontinued by entries of *nolle prosequi* on October 7, 1970. Similar charges against Birkins were subsequently dropped. Thereafter each arrestee filed motions to expunge. On August 19, 1971, these motions were heard by the same trial judge. In two of the cases, the movants took the stand and offered testimony to the effect that they were not engaged in illegal activity when arrested. No testimony to the contrary was presented. In the Hofmann case, the motion was unopposed. The court issued orders in each case prohibiting distribution of the arrest records, requiring recall of information concerning such arrests already disseminated, and sealing of photographs, fingerprints, and other indicia of arrest in the vault of the trial court. The District government, objecting to the form of the orders, appealed each one.

While these appeals were pending, this court, on October 20, 1971, decided Spock v. District of Columbia, D.C.App., 283 A. 2d 14, thereby prompting the parties to enter into a stipulation whereby the appeals were withdrawn in order to allow the entry of amended orders in conformity with that holding. All parties then submitted proposed orders to the trial court. The draft tendered by the Corporation Counsel would have directed that appellees' records be amplified to reflect affirmative nonculpability; that such amplification accompany future dissemination; and that it be communicated to any source to which the records had already been sent, with a request that previously distributed records be amended accordingly. Under the *Spock* decision, it was within the discretion of the court to have adopted this proposed order as its own.

The orders signed by the court, however, prohibited the government from disseminating information regarding the arrests to other governmental or private individuals or agencies; ordered that all photographs, fingerprints and other records be taken from the custody of the Police Department and all other law enforcement agencies to which dissemination had been made, for storage in the court vault; directed that any records that could not be brought to the court, such as arrest books, be amplified by a notation of "Affirmatively Proven Innocent-Mistakenly Arrested"; and provided that such amplification be sent to any agency to which the records had been disseminated, together with a request that such agencies return such records, and that appellees be furnished with the names of all such agencies.

■ Such orders were clearly beyond the authority of any judge sitting in Superior Court under the principles enunciated in *Spock*.[1] That opinion makes it plain that in cases where the arrest is mistaken and lack of culpability has affirmatively been found, the appropriate remedy is not to destroy or seal the record, but to clarify such record by a notation reflecting the fact that no grounds of culpability existed.

With respect to dissemination of such records, the order is also inconsistent with *Spock*, which dealt specifically with the problem as follows:

. . . *Irani* [Irani v. District of Columbia, D.C.App., 272 A.2d 849 (1971)] makes it clear . . . that when mistaken arrest of a nonculpable citizen occurs the court must consider some form of a protective order in addition to the guarantees available under the "Duncan Report rules". It is the conclusion of this court that in cases where the arrested person affirmatively demonstrates nonculpability, the police records of that

arrest, including all forms and copies thereof, just like the court records, should be made to reflect that fact. This holding is consistent with and only a slight expansion (through the exercise of ancillary equity power) of the statutory duty of the police to make note in the central criminal records of the disposition of the case pursuant to section 4-134(a)(2), (3) and (4) [D.C.Code 1967]. . . . As to dissemination of such records, the order should also require that the fact of such determination be sent to any recipient, the object of such procedure being to insure that with whatever information is kept about the arrest there will also be included as an integral part of such record the fact that no culpability existed. 283 A.2d at 19.

It follows, *a fortiori*, that any records already distributed need not be returned, provided that suitable exculpatory explanations are sent to all persons or agencies in possession of them.

■ Turning to the issue of the transfer of appellees' records from the Police Department to the Superior Court for sealing in the vault, we need not decide whether *Spock* rejected such action. D.C.Code 1967, §§ 4-134 and 4-134a, specify that the Metropolitan Police Department, and not the Superior Court, shall be the custodian of records relating to arrests in the District of Columbia. Therefore, in the absence of countervailing statutory authority, the Metropolitan Police Department must be charged with the safekeeping of such records.

The orders are vacated and the cases remanded to the Superior Court with instructions to enter new orders consistent with this opinion and the relief available to persons similarly situated prescribed in the *Spock* decision.

Reversed and remanded.

1. Insofar as the orders compelled the return of documents by agencies not part of the District government, they are also open to jurisdictional challenge. *See* Irani v. District of Columbia, D.C.App., 272 A.2d 849 at 853 (1971).